UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PILGRIM MOTORSPORTS SALES & SERVICE, ET AL.,** | ) ) ) | **CASE NO. 1:04CV372** |
| Plaintiffs, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **STATE OF OHIO, ET AL.,** | ) ) | **OPINION AND ORDER** |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' State of Ohio, Ohio Bureau of Motor Vehicles, David Spurgeon and Upper Sandusky City Prosecutor's Motion for Judgment on the Pleadings. For the following reasons, this Court grants Defendants' Motions for Judgment on the Pleadings.

## FACTS

Plaintiffs bring this action alleging violation of the dormant Commerce Clause of the U.S. Constitution, and violation of Plaintiffs' Constitutional Rights under 42 U.S.C. §1983. Plaintiff seeks

1

injunctive and declaratory relief, and money damages under 42 U.S.C. §1983 for violation of his civil rights and damages for discriminatory enforcement of a statute that violates the dormant Commerce Clause.

Plaintiff Pilgrim Motorsports Sales & Service (hereafter "Pilgrim") and Great Lakes Powersports, Inc., ("Great Lakes") are Michigan companies that sell All Terrain Vehicles (ATVs). Plaintiff Steve Prain is a shareholder in both Pilgrim and Great Lakes. They sell the vehicles throughout the upper midwest and Texas. The sales include financing if desired by the customer. Plaintiffs advertise in various magazines including Ohio Auto & RV. Plaintiff sold several ATVs to Ohio customers, delivered them via truck and the customer signed the sales contract at their place of residence. The prosecutors and law director of Upper Sandusky, Williams County and the City of Findlay have prosecuted Plaintiffs Prain and Great Lakes for violation of Ohio Revised Code §4517.02(A)(1); selling a motor vehicle in Ohio without a license. Plaintiffs allege that Pilgrim has been threatened with criminal prosecution under the statute.

Plaintiffs' Complaint names the State of Ohio c/o Jim Petro, Ohio Bureau of Motor Vehicles (hereafter "OBMV")c/o Franklin R. Caltrider, David Sturgeon {sic}, Investigator for OBMV, Bryan City Prosecutor c/o Rhonda Fisher, Upper Sandusky City Prosecutor, c/o Dick Grasmiller and City of Findlay, c/o David Hackenberg as Defendants. Defendant Bryan City has subsequently been dismissed. Defendants have moved in separate Motions for Judgment on the Pleadings, to have the claims against them dismissed in their entirety.

## **Plaintiffs' Complaint**

Plaintiffs Complaint alleges the following Counts:

Count I seeks declaratory judgment that O.R.C. 4517.02 has been declared unconstitutional in violation of the dormant Commerce Clause in the case of *McNeilus Truck and Mfg., Inc. v. State of Ohio, ex rel. Betty Montgomery*, 226 F.3d 429 (6th Cir. 2000).

Count II seeks injunctive relief to prevent criminal prosecution of Pilgrim Motorsports under O.R.C. 4517.02. Plaintiffs Complaint alleges that he has established a strong likelihood of success as the statute in question has already been declared unconstitutional.

Count III seeks Declaratory Judgment that prosecution of Plaintiffs Steve Prain and Great Lakes Motorsports is in violation of the *McNeilus* case that held O.R.C. 4517.02(A)(1)is unconstitutional.

Count IV seeks injunctive relief to prevent criminal prosecution of Steve Prain and Great Lakes Motorsports under O.R.C. 4517.02. Plaintiffs Complaint alleges that he has established a strong likelihood of success as the statute in question has already been declared unconstitutional.

Count V realleges and incorporates all of the allegations contained in his previous counts in alleging violations of Plaintiffs' constitutional rights as secured by the Commerce Clause. These rights include Plaintiffs' due process, equal protection, freedom from unreasonable and wrongful criminal prosecution and rights to interstate commerce without impediment. Plaintiff states that these rights were violated by Defendants "continued the {sic} malicious criminal prosecution for an unconstitutional state statute." Plaintiffs, in Count V, allege that Defendants acted in violation of "clearly established rights, privileges and immunities secured by the Commerce Clause of the United States Constitution, of which a reasonable person would have known, especially after being informed by Plaintiffs' counsel."

Count VI, again realleges and incorporates all of the allegations contained in the preceding

3

Counts and alleges discriminatory enforcement of O.R.C. 4517.02 by its failure to prosecute non-Ohio motor vehicle dealers who do not have licenses in the State of Ohio, yet are selling vehicles on the internet. In Count III of Plaintiff's Complaint it states, "the bad faith and discriminatory enforcement arises because the Defendants are aware of the dispositive Sixth Circuit Court of Appeals law holding O.R.C. 4517.02(A)(a) unconstitutional as violating the dormant Commerce Clause."

## STANDARD OF REVIEW

### Motion for Judgment on the Pleadings

A party may move for a judgment on the pleadings after the pleadings are closed and within such time as not to delay the trial. Fed.R.Civ.P. 12(c). For the purposes of the motion for judgment on the pleadings, all well-pleaded allegations of the nonmoving party's pleadings must be taken as true. *United States v. Moriarty,* 8 F.3d 329, 332 (6th Cir.1993). A court will grant judgment on the pleadings when no material issues of fact exist and the moving party is entitled to judgment as a matter of law. *Id.*

If matters outside the pleadings are considered in adjudicating the motion, the motion should be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(c). In determining this motion, the Court looks only to well-pleaded allegations, and to law and accepted commentary thereon.

### Declaratory Judgment

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nevertheless, the Supreme Court has

4

reiterated the discretionary nature of the Act. In *Public Affairs Press v. Rickover*, 369 U.S. 111, 82 S.Ct. 580, 7 L. Ed.2d 604 (1962), the highest court opined: "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Brillhart v. Excess Ins. Co.* 316 U. S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed.1620 (1942)]. Put another way, the declaratory judgment statute "'is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Green v. Mansour*, 474 U.S. 64 at 72 (1985).

In this federal circuit, declaratory judgments are favored when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F. 2d 323 at 325-326 (6th Cir. 1984). Consequently, if neither of these factors is satisfied, then the court should decline to grant the declaratory relief.

### Construction of Pleadings

District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).

### Constitutionality

"A legislative act passed by the General Assembly is presumed to be within the constitutional power of

5

that body and, if possible, will be so construed." *State ex rel. Smilack v. Bushong,* 159 Ohio St. 259 (1953). "State legislatures are presumed to act within their constitutional authority despite fact that some inequities may result from their enactments." *Lippett v. Cipollone*, 337 F. Supp. 1405 (N.D. Ohio 1971).

## Law and Analysis

Plaintiff's Complaint presents several problems in the nature of its wording and construction. Contained in the body of Counts I through V is the premise that O.R.C. 4517.02 has been found unconstitutional based on the decision in *McNeilus Truck and Mfg., Inc. v. State of Ohio, ex rel. Betty Montgomery, et al.*, 226 F.3d 429 (6th Cir. 2000). The relief sought by Plaintiff is dependent on the holding in *McNeilus* which, Plaintiffs allege, is conclusory and determinative. The problem for this Court is that, as Defendants correctly point out, *McNeilus* did not find O.R.C. 4517.02 unconstitutional in its entirety, but only limited portions of it, specifically 4517.02(E), 4517.12(A)(4) and 4517.12(C), that dealt with the sale of remanufactured automobiles in the State of Ohio. Specifically, the Sixth Circuit held, "because we agree that Ohio Rev. Code §§ 4517.02(E), 4517.12(A)(4) and 4517.12(C) discriminatorily affect interstate commerce in violation of the dormant Commerce Clause, we will reverse the judgment below on those grounds and remand the case to the district court with instructions to grant a permanent injunction against the offending portions of the statute." *Id*. at 437. The *McNeilus* case dealt exclusively with the binding agreements out-of-state sellers of remanufactured motor vehicles were required to enter into with in-state local dealers under O.R.C. 4517.02(E). The Plaintiff has misapprehended the holding of the *McNeilus* Court and has premised his entire Complaint on this erroneous interpretation of *McNeilus.* Based on this erroneous

6

interpretation, Plaintiff's claims in Counts I through VI fail as a matter of law, as each claim is dependent on Plaintiffs determination that *McNeilus* held unconstitutional O.R.C. 4517.02 or O.R.C. 4517.02(A)(1). On Motions for Judgment on the Pleadings this Court may examine the pleadings and the law. As all the Counts of Plaintiffs' Complaint rely on Plaintiffs' misapprehension of the holding of *McNeilus*, each claim necessarily fails as a matter of law. Under no set of circumstances can the facts, as alleged in Plaintiffs' Complaint, and realleged and incorporated in each and every Count, arise to a cause of action. In effect, this false premise upon which each of Plaintiffs' claims relies renders each alleged cause of action "the fruit of the poisonous tree".

Plaintiff in seeking declaratory judgment has failed to allege a genuine case or controversy. By erroneously alleging that the Ohio licensing statute has already been found unconstitutional, Plaintiff's request for declaratory relief amounts to a reiteration of already established law. This relief does not comport with the purpose or intent of the declaratory judgment statute. Plaintiff's Complaint is clear in its allegations, iterated and reiterated, alleged and realleged, in each Count within the body of the Complaint, that Ohio's licensing statute has already been found unconstitutional. Each Count of the Complaint either directly or by incorporation is premised on this erroneous conclusion stated as fact. Neither Counts I nor III ask the Court to render judgment or define rights other than a determination by this Court that O.R.C. 4517.02 has already been found unconstitutional by the *McNeilus* decision. Counts II and IV seek injunctive relief premised on this erroneous conclusion. Count V specifically states that the alleged violations of Plaintiffs constitutional rights are guaranteed by the Commerce Clause and the alleged prosecutions were improper as they were based on Plaintiffs' erroneous interpretation of *McNeilus*. Finally, Count VI is premised on the discriminatory enforcement of O.R.C.

7

4517.02, as it "arises because the Defendants are aware of the dispositive Sixth Circuit Court of Appeals law holding O.R.C. 4517.02(A)(1) unconstitutional as violating the Dormant Commerce Clause."

The complaint is clear in the basis of its claims and that basis is clearly wrong. Plaintiff's prayer for relief asks this Court to find O.R.C. 4517.02 unconstitutional; but, throughout the body of the Complaint Plaintiff alleges in each of the first four Counts that the same statute has already been found to be unconstitutional. "Prayer for relief is no part of the cause of action and parties are entitled to such relief as the pleadings make out." *Johnson v. R.C. Granquist,* 191 F. Supp 591 (D. OR 1961). "The prayer of the Complaint may be considered to help determine the relief to which the plaintiff is entitled, but it is not controlling, and the question is not whether the plaintiff has asked for the proper remedy but whether under his pleadings he is entitled to any remedy." *Kansas City, St. L. & C.R. Co. v. Alton r. Co.*, 124 F.2d 780 (7th Cir. 1941). When the body of the Complaint clearly and repeatedly states the cause of action and by its own terms fails to allege entitlement to a remedy, the law is clear that judgment on the pleadings is warranted.

Therefore, the Court grants Defendants' Motions for Judgment on the Pleadings and dismisses Plaintiffs' Complaint in its entirety as to Defendants State of Ohio, Jim Petro, OBMV, Franklin R. Caltrider, David Sturgeon {sic}, Upper Sandusky Prosecutor, and Dick Grasmiller. As City of Findlay has not moved for Judgment on the Pleadings they remain. This dismissal is without prejudice. Because this dismissal is without prejudice the Court may entertain the merits on a properly refiled Complaint. Plaintiffs' Motion to Certify the Question to the Ohio Supreme Court is denied. The issues presented in Plaintiffs' Complaint require interpretation of the United States Constitution and such

questions are properly before this Court, as constitutional questions are within this Court's subject matter jurisdiction.

        IT IS SO ORDERED.


_10/14/05_____                  /s/ Christopher A. Boyko
Date                                     CHRISTOPHER A. BOYKO
                                          United States District Judge