**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PILGRIM MOTORSPORTS SALES & SERVICE, ET AL.,** ) | **CASE NO. 1:04CV372** |
| ) | |
| Plaintiffs, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **STATE OF OHIO, ET AL.,** ) | **OPINION AND ORDER** |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' State of Ohio, Ohio Bureau of Motor Vehicles and David Spurgeon Motion for Judgment on the Pleadings (ECF Dkt#57) and City of Findlay's Motion for Judgment on the Pleadings (ECF Dkt#58). For the following reasons, this Court grants, in part, and denies, in part, Defendants' Motion.

**FACTS**

Plaintiff seeks injunctive and declaratory relief and money damages under 42 U.S.C. §1983 for violation of his civil rights and damages for discriminatory enforcement of an Ohio statute that allegedly violates the dormant Commerce Clause.

Plaintiff Pilgrim Motorsports Sales & Service (hereafter "Pilgrim") and Great Lakes Powersports, Inc., ("Great Lakes") are Michigan companies that sell All Terrain Vehicles (ATVs). Plaintiff Steve Prain is a shareholder in both Pilgrim and Great Lakes. Plaintiff companies sell vehicles throughout the upper midwest and Texas, which sales include, financing

1

if desired by the customer. Plaintiffs advertise in various magazines including Ohio Auto & RV. Plaintiff sold several ATVs to Ohio customers, delivered them via truck and the customer signed the sales contract at their place of residence. The prosecutors and law director of the cities of Bryan, Findlay, Fremont, Maumee and Upper Sandusky have prosecuted Plaintiffs Prain and Great Lakes for violation of Ohio Revised Code §4517.02(A)(1) (Ohio dealer licensing statutes); selling a motor vehicle in Ohio without a license. Plaintiffs allege that Pilgrim has been threatened with criminal prosecution under the statute.

Plaintiffs' Amended Complaint names the State of Ohio c/o Jim Petro, Ohio Bureau of Motor Vehicles (hereafter "OBMV") c/o Franklin R. Caltrider, David Sturgeon {sic}, Investigator for OBMV, Bryan City Prosecutor c/o Rhonda Fisher, and City of Findlay, c/o David Hackenberg as Defendants. Defendants have moved in Motions for Judgment on the Pleadings to have the claims against them dismissed in their entirety. Plaintiffs voluntarily dismissed, with prejudice the Bryan City Prosecutor on April 16, 2004, therefore, the Court finds Bryan City Prosecutor is no longer a defendant in this action.

## Plaintiffs' Amended Complaint

Plaintiffs' Amended Complaint alleges the following Counts:

Count I seeks declaratory judgment that O.R.C. 4517.02, 4517.12(A)(9) and 4517.12(C)(4)(a-c) be declared unconstitutional in violation of the dormant Commerce Clause.

Count II seeks injunctive relief to prevent enforcement of O.R.C. 4517.02, 4517.12(A)(9) and 4517.12(C)(4)(a-c) against Plaintiffs. Plaintiffs' Amended Complaint alleges they have established a strong likelihood of success as similar statutes have been found unconstitutional.

Count III seeks Declaratory Judgment that the pending prosecution of Plaintiffs Steve

Prain and Great Lakes Motorsports under the statutes as alleged above is unlawful because the statutes violate the dormant Commerce Clause.

Count IV seeks injunctive relief to prevent the pending prosecution of Steve Prain and Great Lakes Motorsports under the offending statutes.  Plaintiffs Complaint alleges that he has established a strong likelihood of success as statutes similar to the ones in question have been found to violate the dormant Commerce Clause.

Count V alleges violations of Plaintiffs' constitutional rights of due process, equal protection, freedom from unreasonable and wrongful criminal prosecution and freedom to engage in interstate commerce without impediment.

Count VI again, realleges and incorporates all the allegations contained in the preceding Counts and alleges Defendants engage in discriminatory enforcement of the offending statutes by failing to prosecute non-Ohio motor vehicle dealers who do not have licenses in the State of Ohio, yet sell vehicles via the internet.

### STANDARD OF REVIEW

### Motion for Judgment on the Pleadings

A party may move for a judgment on the pleadings after the pleadings are closed and within such time as not to delay the trial. Fed.R.Civ.P. 12(c). For the purposes of the motion for judgment on the pleadings, all well-pleaded allegations of the nonmoving party's pleadings must be taken as true. *United States v. Moriarty,* 8 F.3d 329, 332 (6th Cir.1993). A court will grant judgment on the pleadings when no material issues of fact exist and the moving party is entitled to judgment as a matter of law. *Id.*

If matters outside the pleadings are considered in adjudicating the motion, the motion

should be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(c). In determining this motion, the Court looks only to well-pleaded allegations, and to law and accepted commentary thereon.

### **Declaratory Judgment**

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nevertheless, the Supreme Court has reiterated the discretionary nature of the Act. In *Public Affairs Press v. Rickover*, 369 U.S. 111, 82 S.Ct. 580, 7 L. Ed.2d 604 (1962), the highest court opined: "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Brillhart v. Excess Ins. Co.* 316 U. S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed.1620 (1942)]. Put another way, the declaratory judgment statute "'is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Green v. Mansour*, 474 U.S. 64 at 72 (1985).

In the Sixth circuit, declaratory judgments are favored when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F. 2d 323 at 325-326 (6th Cir. 1984). Consequently, if neither of these factors is satisfied, then the court should decline to grant the declaratory relief.

### **Construction of Pleadings**

District courts are not required to conjure up questions never squarely presented to them

or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).

### State of Ohio et al., Motion for Judgment on the Pleadings

Defendants move this Court for Judgment on the Pleadings, alleging Plaintiffs: a) lack standing; b) immunity of state defendants have not been waived; c) no sufficient allegations of individual liability; d) the Court should abstain pursuant to the *Younger* Doctrine; e) abstention is appropriate under the *Rooker-Feldman* doctrine; f) Plaintiffs claims are barred by the doctrine of claim preclusion, and; g) challenged statutes do not violate the dormant commerce clause. The Defendants have conceded the *Younger* doctrine no longer applies.

**A.**     **Standing**

Defendants allege Plaintiffs lack standing to challenge Ohio's motor vehicle licensing statutes O.R.C. §4517.12(A)(9) and §4517.12(C)(a-c) because they have not alleged they applied for, and were denied, a license.  Plaintiffs were prosecuted for selling motor vehicles in Ohio without a license in violation of O.R.C. §4517.02(A)(1) and 4517.02(F).   Therefore, there is no causal connection between the injuries allegedly sustained by Plaintiffs and the application of the licensing requirements of O.R.C. 4517.12(A)(9) and 4517.12 (C)(4)(a-c).

Plaintiffs contend they have alleged a causal connection between the licencing requirement and the injury suffered, i.e. the criminal prosecution for selling without a license. As the licensing requirement is inextricably linked with the selling a vehicle without a license, Plaintiffs have standing to assert the unconstitutionality of the offending sections of the Ohio

5

Revised Code. The Court finds that Plaintiffs were not required to first apply for a license to have standing to challenge the licensing portions of O.R.C. 4517.12, pursuant to the Supreme Court's decision in *City of Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 755-56 (1988).

**B. Eleventh Amendment Immunity**

The Eleventh Amendment to the U.S. Constitution states, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Defendants State of Ohio, OBMV and David Spurgeon allege the Eleventh Amendment immunizes state departments and agencies from suit in federal court. *Pennhurst State Sch. & Hosp. V. Halderman,* 465 U.S. 89, 100 (1984). Nor are they amenable to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65-66 (1989). Finally, a plaintiff can only sue in federal court for prospective relief against a state official, and not against the state itself. *McNeilus truck & Mfg., Inc. V. State of Ohio, ex. rel. Montgomery* 226 F.3d 429 (6th Cir. 2000).

Plaintiff argues the case of *Ex parte Young,* 209 U.S. 123 (1908) allows for suits against state attorneys general and argues that *McNeilus Truck and Manufacturing, Inc., v. State of Ohio, ex rel. Betty Montgomery, et al.,* 226 F.3d 429 (6th Cir. 2000), allowed for suits against the OBMV. This is true with respect to state attorneys general and incorrect with respect to the OBMV. Plaintiffs' may sue state attorneys general in their official capacity as the agent responsible for enforcing statutes. However *McNeilus* specifically held the Commissioner of the OBMV could be sued and not the OBMV itself. Plaintiffs' Amended Complaint names the State

6

of Ohio and OBMV as defendants, not the Attorney General nor the Commissioner of the OBMV.  Therefore, the Court grants judgment for Defendants and dismisses the State of Ohio and the OBMV.

C.     **Qualified Immunity of Individual Defendants**

Defendants move to deem all of Plaintiffs' §1983 claims as solely official capacity claims as Plaintiffs have not alleged any claims against Defendants in their individual capacities. Nowhere does the Amended Complaint expressly allege claims against Defendants in their individual capacities.  However, the Sixth Circuit has established (over the dissent of six Sixth Circuit Judges including Suhrheinrich, Nelson, Boggs, Norris, Siler and Batchelder), the "course of proceedings test in which the Court may consider such factors as "nature of Plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the Complaint, particularly claims of qualified immunity." *Moore v. City of Harrison,* 272 F.3d 769,772 at n. #1, (6th Cir. 2001).  In a strongly worded dissent, Judge Suhrheinrich stated, "the majority eviscerates the *Wells* standard, expands the narrow exception created in *Pelfrey* beyond all reasonable bounds, transfers the pleading burden from plaintiffs to clearly plead individual capacity to government defendants to clarify the capacity in which they are sued, and adopts a standard-less "course of proceedings" test that ignores the certainty the Rules of Civil Procedure are intended to secure." *Id.* at 775-776.

Plaintiffs' Amended Complaint names only one state official as Defendant by name in the caption and uses his title as Investigator for the OBMV.  Nowhere does the Amended Complaint allege individual capacity.  The Amended Complaint does seek compensatory damages and Defendants do plead qualified immunity as an affirmative defense in their

7

Amended Answer.

In *Moore*, the Court found Plaintiff had sufficiently placed Defendants on notice of their liability individually as well as officially under §1983 as the Complaint listed the defendant officers by name and did not include their official titles.  The complaint referred to the officers throughout as "individual defendants" and furthermore stated the officers were "acting for themselves and for the City" and behaved "with malice" and "violated the plaintiffs civil rights." Furthermore, the complaint sought compensatory and punitive damages.  Finally, Defendants response acknowledged the officers were being sued individually.

Here, Plaintiffs included the official titles of the defendants in the caption.  Plaintiffs never state the Defendants are being sued individually.  In *Shepherd v. Wellman, et al.,* 313 F.3d 963 (6th Cir. 2002) the Court held the Plaintiff failed to state of claim of individual liability under §1983 as the original complaint failed to allege plaintiff was suing defendants in their individual capacity and Plaintiff's amended complaint failed to correct the error.  In this case, the facts are the same.  Plaintiffs had an opportunity to amend their complaint, having been put on notice by Defendants of the failure to plead individual capacity and name proper parties.  Plaintiffs" Amended Complaint failed to identify the capacity in which Defendants were being sued. Although it does seek compensatory damages the Sixth Circuit, in *Shepherd*, held compensatory damage claims alone are insufficient to put Defendants on notice of individual liability when the Complaint "so strongly suggests an official capacity." *Id.* at 969.

Here, the Amended Complaint again lists Defendants only by official title.  Plaintiff Steven Prain names himself in the caption "individually, and allegedly dba Pilgrim Motorsports Sales and Services," thereby evidencing an intent to name parties individually when desired.

8

Counts I-III seek relief from the actions of one defendant, David Sturgeon (sic). The Amended Complaint alleges the government Defendants acted "under color of law". In *Shepherd,* the Sixth Circuit held this phrase weighed in favor of finding the allegations in the complaint are brought against named Defendants in their official capacity. The Amended Complaint does allege the Defendants acted in bad faith and maliciously prosecuted Plaintiffs as the Defendants were on notice the statute was unconstitutional.

Therefore, the Court finds the facts in *Moore* are distinguishable from the facts *sub judice* and grants Defendants' Motion for Judgment on the Pleadings as Plaintiffs Amended Complaint fails to allege individual capacity liability under Plaintiffs 1983 claims.

**D.  *Younger* Abstention**

Defendants concede the *Younger* doctrine does not apply and, therefore, the Court denies Judgment for Defendants on this issue.

**E.  *Rooker-Feldman* doctrine**

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to review decisions by state courts or review constitutional decisions that are inextricably intertwined with the state court's decision in a judicial proceeding. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-416 (1923). In *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003), the Sixth Circuit held the *Rooker-Feldman* doctrine did not apply when Plaintiffs were not challenging their state court convictions. (citing *Edwards v. Illinois Bd. of Admissions to Bar,* 261 F.3d 723, 729 (7th Cir.2001) ("When the litigant is challenging the constitutionality of a rule that was applied to him, but is not asking to correct or revise the determination that he violated the rule, *Rooker-*

9

*Feldman* is no obstacle to the maintenance of the suit." (internal quotation marks omitted)). The *Hood* court held *Rooker-Feldman* does not apply to a general challenge to the constitutionality of the state law applied in the state action. The Sixth Circuit said Courts "must pay close attention to the *relief* sought by the federal-court plaintiff." *Id.*

Plaintiffs seek declaratory and injunctive relief to prevent ongoing and future criminal prosecutions under an allegedly unconstitutional state law. These claims are not barred by *Rooker-Feldman* because they are general constitutional challenges to a state law and do not involve an examination of a final state court decision. This Court may not review final state court decisions because this Court is a court of original federal jurisdiction.

### F.  Claim Preclusion

Defendants contend they are entitled to Judgment as Plaintiffs' claims have already been litigated in a court of competent jurisdiction and the doctrine of claim preclusion prevents Plaintiffs from asserting those same claims in federal court. In Ohio, a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v.. Parkman Twp.* (1995), 73 Ohio St.3d 379.

Plaintiffs contend they are challenging the constitutionality and prospective application of the Ohio dealer licensing statute. The Court denies Defendants Motion for Judgment on the Pleadings because any issue of claim preclusion requires an examination of evidence outside the pleadings and is more appropriately addressed on summary judgment.

### G.  Plaintiffs' constitutional challenge.

Defendants contend the Ohio dealer licensing statute is not unconstitutional and does not

violate the dormant Commerce Clause. Pursuant to the United States Constitution, Congress has the power to "regulate Commerce ... among the several States." U.S. Const. art. 1, 8, cl. 3. The Constitution is silent on the authority of states to regulate commerce amongst themselves. However, the Supreme Court has determined the Constitution denies the states such powers. *See H.P. Hood & Sons v. Du Mond,* 336 U.S. 525, (1949). "As interpreted by the Supreme Court, the Clause, by negative implication, restricts the States' ability to regulate interstate commerce." *Huish Detergents, Inc. v. Warren Cty. Ky.,* 214 F.3d 707, 712 (6th Cir. 2000)

The Commerce Clause "prohibit[ ] States from 'advanc[ing] their own commercial interests by curtailing the movement of articles of commerce, either into or out of the state.' " *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Resources,* 504 U.S. 353, 359, (1992) (quoting *H.P. Hood & Sons,* 336 U.S. at 535, 69 S.Ct. 657). The Sixth Circuit "has construed the Clause as limiting the regulatory activity of counties and cities as well as States." *Huish* at 712, citing *Waste Mgt., Inc. of Tennessee v. Metropolitan Gov't of Nashville and Davidson Cty.,* 130 F.3d 731, 735 (6th Cir.1997), *cert. denied*, 523 U.S. 1094 (1998).

"If an ordinance discriminates against interstate commerce by treating in-state and out-of-state interests differently, benefitting the former and burdening the latter, it is *per se* invalid unless the State has 'no other means to advance a legitimate local interest'." *Huish at 712, quoting C & A Carbone,* Inc. v. Town of Clarkstown, N.Y., 511 U.S. 383, 392 (1994). "On the other hand, if the law regulates evenhandedly, it will be upheld unless the burden it imposes on interstate commerce is " 'clearly excessive in relation to the putative local benefits.'" *Huish* at 712, quoting *Carbone,* 511 U.S. at 390.

In analyzing whether a state statute violates the dormant Commerce Clause, Courts are

11

required to examine evidence of differential treatment of in-state versus out-of state commercial interests. If the statute is not discriminatory, the court must further inquire into whether the burden on interstate commerce exceeds the alleged local interest. Under either inquiry, the Court must examine evidence outside the pleadings, making judgment on the pleadings inappropriate on the constitutionality of the Ohio dealer licensing statute.

Therefore, the Court grants Defendants State of Ohio, OBMV and David Spurgeon's Motion for Judgment on the Pleadings, in part, and dismisses all Plaintiffs' claims against the State of Ohio and OBMV. Furthermore, the Court grants Judgment on the Pleadings on any claims for liability of individually named defendants in their individual capacity. The Court denies Defendants Motion on the remaining claims. The Court finds the Ohio State Attorney General shall continue to participate in the action for purposes of defending the constitutional challenge to an Ohio state statute.

IT IS SO ORDERED.


9/5/06                         s/Christopher A. Boyko
Date                           CHRISTOPHER A. BOYKO
                               United States District Judge