UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PILGRIM MOTORSPORTS SALES & SERVICE, ET AL.,** ) ) | **CASE NO.1:04CV372** |
| Plaintiffs, ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. ) ) | |
| **STATE OF OHIO, ET AL.,** ) ) | |
| Defendants. ) ) ) | **OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' State of Ohio, Ohio Bureau of Motor Vehicles, and David Spurgeon Motion for Judgment on the Pleadings and City of Findlay's Motion for Judgment on the Pleadings. All claims against the State of Ohio and Ohio Bureau of Motor Vehicles have been dismissed by this Court in its September 5, 2006 Opinion and Order. After further consideration, the Court denies remaining Defendant City of Findlay's Motion on Count Six for discriminatory enforcement of the statute and grants remaining state defendant David Spurgeon's Motion on Count Six.

**I. ANALYSIS AND DECISION**

In order to state a claim for discriminatory enforcement, "a plaintiff must demonstrate that a government actor had a bad reason for enforcing the law against her and not against a similarly situated party." *Boone v. Spurgess*, 385 F.3d 923, 932 (6th Cir. 2004). Defendants' motion wrongly inserts the term 'allege' in place of 'demonstration' in their reading of the *Boone* text.

1

Furthermore, *Boone* was a summary judgment case. However, because of the Sixth Circuit's demand in *Boone* for a demonstration by the plaintiff, the Court must examine evidence outside of the pleadings, making judgment on the pleadings inappropriate for this claim. In addition, because the responsibilities of City of Findlay law director, Defendant Hackenberg, are unknown at this time, the Court cannot properly determine whether it was permissible for him to enforce this statute. However, the Court does grant the Motion as it applies to David Spurgeon as the Amended Complaint does not allege he is responsible for enforcing the statute.

### IV. CONCLUSION

Defendants City of Findlay's Motion for Judgment on the Pleadings as to Plaintiffs' claim of discriminatory enforcement is denied. Defendant Spurgeon's Motion is granted and the claim against him is dismissed. A judgment on the pleadings is improper as to City of Findlay at this time, as the Court must examine evidence outside the pleadings.

IT IS SO ORDERED.

 December 1, 2006                                s/Christopher A. Boyko
  Date                                                  CHRISTOPHER A. BOYKO
                                                              United States District Judge

2