**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PILGRIM MOTORSPORTS SALES & SERVICE, ET AL.,** | ) ) ) | **CASE NO. 1:04CV372** |
| **Plaintiff,** | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **STATE OF OHIO ET AL.,** | ) ) | **OPINION AND ORDER** |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant City of Findlay's Motion for Summary Judgment(ECF #96) and State of Ohio's Motion for Summary Judgment (ECF #95).[1] For the following reasons, the Court grants Defendant City of Findlay's Motion for Summary Judgment. Because there is no remaining defendant, the Court finds Defendant State of Ohio's Summary Judgment Motion is moot. Furthermore, the Court declines the invitation to address the Constitutional questions raised in Plaintiff's Amended Complaint.

---

[1] Though no longer a Defendant, the Court Ordered the Attorney General for the State of Ohio to defend the statute in question.

1

## I. FACTUAL BACKGROUND

The Court reiterates the facts as described in prior Court opinions. Plaintiffs seek injunctive and declaratory relief and money damages pursuant to 42 U.S.C. §1983 for violation of their civil rights and damages for discriminatory enforcement of an Ohio statute that allegedly violates the dormant Commerce Clause.

Plaintiffs' First Amended Complaint alleges Plaintiff Pilgrim Motorsports Sales & Service (hereafter "Pilgrim") and Great Lakes Motorsports, Inc., ("Great Lakes") are Michigan companies that sell All Terrain Vehicles (ATVs).  Plaintiff Steve Prain is a shareholder in both Pilgrim and Great Lakes.  Plaintiff companies sell vehicles throughout the upper midwest and Texas, which sales include financing if desired by the customer.  Plaintiffs advertise in various magazines, including Ohio Auto & RV.  Plaintiff sold several ATVs to Ohio customers, delivered them via truck and the customers signed the sales contracts at their places of residence.  The prosecutors and law directors of the cities of Bryan, Findlay, Fremont, Maumee and  Upper Sandusky have prosecuted Plaintiffs Prain and Great Lakes for violation of Ohio Revised Code §4517.02(A)(1) (Ohio dealer licensing statutes); selling a motor vehicle in Ohio without a license.  Plaintiffs allege that Pilgrim has been threatened with future criminal prosecution under the statute.

Plaintiffs' First Amended Complaint names the State of Ohio c/o Jim Petro, Ohio Bureau of Motor Vehicles (hereafter "OBMV") c/o Franklin R. Caltrider, David Sturgeon {sic}, Investigator for OBMV, Bryan City Prosecutor c/o Rhonda Fisher, and City of Findlay, c/o David Hackenberg as Defendants. Defendants moved for Judgment on the Pleadings to have the claims against them dismissed in their entirety. Plaintiffs voluntarily dismissed with prejudice

the Bryan City Prosecutor on April 16, 2004. In its Opinion and Order of September 5, 2006, the Court dismissed the State of Ohio, OBMV, and David Spurgeon.[2] As a result of the litigation in this case and subsequent rulings by the Court, the only remaining Defendant is the City of Findlay.

## II. STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a

---

[2] Incorrectly identified as "Sturgeon" in Plaintiff's First Amended Complaint.

3

> genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, this Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hospital Ass'n.,* 78 F.3d 1079, 1087 (6th Circ. 1996). "Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).

In *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 581 (6th Cir.1992) the Sixth Circuit held, "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of evidence that the plaintiff is entitled to a verdict ..." quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

The Sixth Circuit went on to say, "the 'mere possibility' of a factual dispute is not enough. Rather, in order to defeat summary judgment a plaintiff must come forward with more persuasive evidence to support [his or her] claim than would otherwise be necessary. Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to

produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted." *Mitchell* at 581.

### III. ANALYSIS

Defendant contends the Ohio dealer licensing statute is not unconstitutional and does not violate the dormant Commerce Clause. Pursuant to the United States Constitution, Congress has the power to "regulate Commerce ... among the several States." U.S. Const. art. 1, 8, cl. 3. The Constitution is silent on the authority of states to regulate commerce amongst themselves. However, the Supreme Court has determined the Constitution denies the states such powers. *See H.P. Hood & Sons v. Du Mond,* 336 U.S. 525, (1949). "As interpreted by the Supreme Court, the Clause, by negative implication, restricts the States' ability to regulate interstate commerce." *Huish Detergents, Inc. v. Warren Cty. Ky.,* 214 F.3d 707, 712 (6th Cir. 2000)

In analyzing whether a state statute violates the dormant Commerce Clause, Courts are required to examine evidence of differential treatment of in-state versus out-of state commercial interests. If the statute is not discriminatory, the court must further inquire into whether the burden on interstate commerce exceeds the alleged local interest.

However, the United States Supreme Court has strongly admonished federal courts to refrain from reaching constitutional questions when non-constitutional questions may be dispositive. "A fundamental rule of judicial restraint requires that federal courts, prior to reaching any constitutional question, must consider nonconstitutional grounds for the decision." *Jean, et al., v. Nelson, et al.,* 472 U.S. 846, 854 (1985).

### City of Findlay

Defendant City of Findlay contends Plaintiffs lack standing to prosecute the action

5

because Plaintiffs' are no longer in the business of selling motor vehicles. Defendant also contends Plaintiffs are precluded from arguing the constitutionality of O.R.C. §4517.02 because they had an opportunity to raise the issue at the time of the criminal prosecution and failed to do so. Also, Defendant argues Plaintiffs' claims have already been adjudicated by Ohio courts and Plaintiffs are barred from relitigating the constitutional issues on *res judicata* grounds. Furthermore, Defendant contends O.R.C. §4517.02 does not violate the dormant Commerce Clause and Plaintiffs selective enforcement claim fails as a matter of law.

On February 24, 2004, Plaintiffs filed their Complaint. On October 17, 2005, the Court, on Defendants' Motion for Judgment on the Pleadings, dismissed all moving defendants because all the claims in Plaintiffs' Complaint depended on Plaintiffs' erroneous factual allegations. Rather than dismiss the case entirely, the Court permitted Plaintiffs' an opportunity to refile their Complaint and correct the flaws. On December 2, 2005, Plaintiffs filed their First Amended Complaint. On September 5, 2006, the Court, on Defendants' Motions for Judgment on the Pleadings, dismissed the state defendants and determined Plaintiffs had failed to allege any claims of individual capacity liability against any employees of the State of Ohio. On January 23, 2007, Plaintiff moved for leave to amend their complaint solely for the purpose of naming "Defendants in their representative and personal capacities in order to pursue claims pursuant to §1983 and to perfect service upon the various state governmental entities." The Court denied the motion.

Now this matter is before the Court on summary judgment. The evidence on summary judgment shows that the City of Findlay, on behalf of the State of Ohio, filed a criminal action against Great Lakes Powersports, Inc., for unlawfully engaging in the business of selling at retail

a new motor vehicle without a license in violation of OR.C. §4517.02(A). There is no evidence the City of Findlay prosecuted an action either on its own behalf or on behalf of the State of Ohio against Pilgrim or Steven Prain individually. Plaintiffs' First Amended Complaint names Great Lakes Powersports, Inc. as a Plaintiff only in the caption. However, in its opening paragraph it states "Now comes the Plaintiffs, Pilgrim Motorsports, Steven Prain, and Great Lakes *Watersports,* Inc., by and through their counsel, Christopher M. DeVito, and for their Complaint states as follows:." (Emphsasis added). In paragraph 7 of the First Amended Complaint, Plaintiffs state: "Plaintiff Great Lakes *Motorsports*, Inc. is a validly incorporated corporation under the laws of the State of Michigan..." (Emphasis added).

Paragraph 8 of Plaintiffs' First Amended Complaint alleges "Defendants, Bryan city prosecutor and City of Findlay law director, have wrongfully prosecuted the Plaintiffs, Steven Prain and Great Lakes *Motorsports*, for violation of Ohio Revised Code (O.R.C.) §4517.02(A)(1)..." (Emphasis added). Thereafter, the rest of the First Amended Complaint cites only to Great Lakes Motorsports in each individual claim and throughout its prayer for relief. In fact, nowwhere in the body of the Complaint, not in the introduction, facts, individual claims or prayer is there any mention of Great Lakes Powersports, Inc.

The evidence presented shows the summons issued by the City of Findlay on behalf of the State of Ohio was issued against Great Lakes Powersports, Inc. There is no evidence the City of Findlay ever prosecuted an actions against Great Lakes Motorsports or Great Lakes Motorsports, Inc. A review of Michigan's Department of Labor & Economic Growth website failed to reveal a corporation in the State of Michigan named Great Lakes Powersports, Inc. When the search term Great Lakes Powersports, Inc. was entered, the only entry found was a

7

corporation entitled GLPS-Sold, Inc. There is no evidence that GLPS-Sold, Inc. is a dba of Great Lakes Powersports, Inc. Attached to Plaintiffs' opposition to Defendants' Motions for summary Judgment was Plaintiff Steven Prain's unsigned affidavit which states, "Defendants, Bryan City prosecutor, Upper Sandusky city prosecutor, and City of Findlay law director, have prosecuted me and Great Lakes ***Motorsports*** for violation of Ohio Revised Code (O.R.C. §4517.02 (a)(1)...." (Emphasis added). On March 30, 2007, ten days after Plaintiffs' oppositions were due, and without leave of Court, Plaintiffs filed a signed and sworn affidavit of Steven Prain containing the same language as above. Even if this Court could consider an unsigned, unsworn affidavit, which it cannot, the evidence contained in Plaintiffs' untimely filed, signed and sworn affidavit does not refute Defendants' evidence that only Great Lakes Powersports, Inc. was prosecuted. "An unsworn affidavit cannot be used to support or oppose a motion for summary judgment." *Pollock v. Pollock,* 154 F.3d 601, 612 fn 20 (6th Cir. 1998). The Sixth Circuit in *Pollock* recognized the statutory exception to a signed sworn affidavit when a declaration is made under penalty of perjury and is signed and dated. "However, a statutory exception to this rule exists which permits an unsworn declaration to substitute for a conventional affidavit if the statement contained in the declaration is made under penalty of perjury, certified as true and correct, dated, and signed. 28 U.S.C. § 1746." *Id.* However the Prain affidavit attached to Plaintiffs' Oppositions to Defendants' Motions for Summary Judgment, is not signed, or dated, therefore, Plaintiff cannot rely on the 28 U.S.C. §1746 declaration exception.

This Court finds Plaintiffs cannot maintain an action against the City of Findlay pursuant to its claims in its First Amended Complaint which alleges Great Lakes Motorsports, Inc. was

discriminatorily prosecuted, while the clear evidence demonstrates Great Lakes Powersports, Inc. was prosecuted.  Finally, a search of the term Great Lakes Motorsports reveals no such entity, rather, the search returns a find for GLMS, Inc. which, in 2003, was in automatic dissolution as revealed by the Michigan Department of Labor and Economic Growth.  Again, Plaintiff has pointed this Court to no evidence in its Opposition to Summary Judgment that Great Lakes Motorsports, Inc. was a dba of Great Lakes Powersports, Inc.  Therefore, the Court finds Plaintiffs have failed to demonstrate any discriminatory enforcement and 1983 actions by the City of Findlay against Great Lakes Motorsports and has failed to allege any claims by Great Lakes Powersports, Inc. against Defendants.

Therefore, this Court grants summary judgment in favor of Defendant City of Findlay on all remaining claims because Plaintiffs have failed to demonstrate that the City of Findlay ever prosecuted an action against Great Lakes Motorsports, Inc. or Steven Prain individually and Plaintiffs First Amended Complaint fails to allege any constitutional violation or discriminatory enforcement claim on behalf of Great Lakes Powersports, Inc.  Insofar as Plaintiffs' First Amended Complaint alleges any claims of individual capacity liability on the part of the Law Director of the City of Findlay, those claims are also dismissed for the same reasons as those warranting summary judgment in favor of the City of Findlay.  Furthermore, the undisputed testimony of Steven Prain reveals he is no longer in the business of selling motor vehicles in the State of Ohio; in fact, he is barred by a non-compete clause from selling motor vehicles for five years.  In addition, Great Lakes Powersports, Inc. and Pilgrim have been sold and the remaining entities are no longer in the business of selling motor vehicles in Ohio.  Therefore, any claims for prospective injunctive relief brought by Steven Prain individually, or Pilgrim or Great Lakes

Powersports, Inc. are moot.  Also, because summary judgment for City of Findlay dismisses the last defendant in this case, all remaining claims of Plaintiffs for declaratory judgment, injunctive relief and constitutional violations brought under 42 U.S.C. §1983 and discriminatory/selective enforcement are dismissed as moot.

      IT IS SO ORDERED.

                                                       s/Christopher A. Boyko  
                                                     CHRISTOPHER A. BOYKO  
                                                     United States District Judge

March 31, 2008